AO 91 (Rev. 02/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED

FEB 21 2017

David J. Bradley, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Cesar Ivan ESTRADA | ) Case No. | H17-0228M |
| | ) | |
| Defendant | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  02/20/2017  in the county of  Harris  in the  Southern  District of  Texas , the defendant violated  Title 21  U. S. C. §  952, 841 , an offense described as follows:

1) Knowingly and intentionally import into the United States from a place outside thereof, a controlled substance. The substance involved a mixture or substance containing 50 grams or more of the Schedule I controlled substance methamphetamine, and
(2) Knowingly and intentionally possess with intent to distribute a controlled substance. The substance involved a mixture or substance containing 50 grams or more of the Schedule I controlled substance methamphetamine.

This criminal complaint is based on these facts:
See attached Affidavit in Support of Criminal Complaint.

☑ Continued on the attached sheet.

_____
Complainant's signature

Hinwing Lee, HSI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 2-21-17

_____
Judge's signature

City and state:  Houston, Texas

Mary Milloy, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

**I, Hinwing Lee, being first duly sworn, depose and state the following:**

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI), assigned to the Special Agent in Charge, Houston, Texas, office. I have been so employed since August 1997. During my career, I have received extensive training in the detection of controlled substances. I have attended the Criminal Investigator's Training Program and HSI Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. The training I have received includes, but is not limited to, the detection of and the methods used to conceal and distribute controlled substances as defined by Title 21 of the United States Code.

2. I am currently assigned to the George Bush Intercontinental Airport. My duties include responding to incidents involving narcotics intercepted by Officers of United States Customs and Border Protection (CBP).

3. This affidavit is based on my personal knowledge, physical and electronic surveillance of criminal activity by law enforcement officers, interviews of witnesses, as well as information obtained from other law enforcement officials and witnesses, whom I know to be trustworthy and reliable, and from reports and documents obtained throughout the course of this investigation. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrants and does not purport to set forth all of my knowledge into this matter.

4. At approximately 11:03 a.m. on February 20, 2017, Cesar Ivan ESTRADA arrived at Bush Intercontinental Airport (IAH) in Houston, Texas, on United Airlines flight 377 from Guadalajara, Mexico. ESTRADA, a Naturalized U.S. citizen, was referred for a secondary inspection by CBP.

5. CBP Officer Roberto Pena conducted a more extensive examination of ESTRADA and his luggage. ESTRADA claimed ownership of the luggage and all of its contents and stated the luggage had been in his possession since he packed them.

CBP Officer Roberto Pena observed that ESTRADA was nervous and reluctant to give his passport for inspection when asked by Officer Pena. ESTRADA became more agitated as CBP Officer Pena began to x-ray his luggage. As CBP Officer Pena X-rayed the luggage, anomalies in the lining of ESTRADA's luggage could be seen. Further inspection of the luggage resulted in the discovery of seven packages of a crystalline substance which field tested positive for the presence of methamphetamine. The total weight of the packages of methamphetamine was approximately 5.238 kilograms.

6. HSI Special Agents Richard Shanks and CBP Officer Roberto Pena, interviewed ESTRADA. ESTRADA stated he went to an unknown Hispanic male's hotel room and purchased the luggage with the narcotics already secreted in the lining for $4000.00. ESTRADA thought he was purchasing marijuana and was surprised to learn that it was methamphetamine. ESTRADA was going to return to the United States to sell the marijuana. He further stated no one else was involved with the narcotics and he acted alone. ESTRADA was advised of his rights and signed a rights waiver form before the interview began and indicated he wished to continue the interview without an attorney present.

7. Based on the aforementioned information, I believe there is probable cause to believe that ESTRADA did knowingly and intentionally import into the United States from a place outside thereof, a controlled substance, namely methamphetamine, which is a Schedule I controlled substance, in violation of Title 21, United States Code, Section 952. Furthermore, I believe there is probable cause to believe that ESTRADA possessed with the intent to distribute a controlled substance, namely methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1).

Hinwing Lee
Special Agent, HSI

Sworn to and subscribed before me on this 21st day of October, 2015, and I find probable cause.

Mary Milloy
United States Magistrate Judge
Southern District of Texas